**No. 49644.**—Protest 11128–K of Richard Heilbrunn (New York).

EKWALL, Judge: This case is before us on rehearing having been originally decided in C. D. 668. We there held that damage to certain knitting machines and accessories, caused by rust and discoloration as a result of a fire on the importing vessel during the course of the voyage, did not constitute a nonimportation but only partial damage against which the statute (paragraph 398, Tariff Act of 1930) specifically prohibits allowance. We further held that in assessing duty at the appropriate rate applicable to textile machines not specially pro-

vided for and parts of the same, under paragraph 372 of the same law, the collector acted in conformity with the law.

A rehearing was granted on the ground, as stated in the court's order, that "the description of the machinery as contained in the entry papers and exhibits may be clarified."

The additional evidence presented upon rehearing is in the form of replies to interrogatories addressed to the plaintiff. From these replies it appears that the "sley bars," "arrangements for individual drive," and "rack counter," appearing on the invoice as accessories, are essential to the operation of the machines in suit and "belong to the usual complement of the machine." In reply to the question "Which, if any, of these three types of accessories were injured to such an extent that you had to replace them," deponent replied: "A greater part of all types of these accessories for the three machines had to be replaced on account of extensive corrosion." He further testified that "All the parts were unusable," but that some of the parts were later repaired and made usable.

Plaintiff's theory is that what was shipped consisted of complete knitting machines; that what was imported consisted of certain parts of knitting machines properly dutiable as assessed and what had once been parts of the same machines but which by reason of corrosion had become useless. That is, he contends that as imported the merchandise consisted of certain sound parts of knitting machines and certain other articles the usefulness of which as machine parts had been destroyed. We find nothing in the case as presented on rehearing that convinces us of the correctness of this theory. For this reason we adhere to our former ruling that the merchandise imported consisted of three complete knitting machines partially damaged and that the collector acted within the law in refusing to allow for damage to the merchandise.

Judgment will therefore be rendered for the defendant.